IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **MARIA REYES**<br>*Plaintiff,* | § § § § | |
| v. | § § § | **CIVIL ACTION:**<br>5:23-cv-304 |
| | § § § § § § | |
| **VILLAGE CAPITAL & INVESTMENT, LLC**<br>*Defendant.* | § § § § § | |

## VILLAGE CAPITAL & INVESTMENT, LLC'S NOTICE OF REMOVAL

Notice is hereby given that pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, VILLAGE CAPITAL & INVESTMENT, LLC ("Defendant" or "VCI") remove this action from the 288TH Judicial District Court, BEXAR County, Texas, to the United States District Court for the WESTERN District of Texas, SAN ANTONIO Division, and in support thereof would show unto the court the following:

### I.   STATE COURT ACTION

1. On 3/07/2023 Plaintiff MARIA REYES ("Plaintiff" or "REYES") filed its Original Petition, Application for Injunctive Relief (the "Petition") in the 288TH Judicial District Court of BEXAR County, Texas, in an action styled *MARIA REYES v. VILLAGE CAPITAL & INVESTMENT, LLC*. under Cause No. 2023CI04563 (the "State Court Action").

2. The lawsuit relates to foreclosure proceedings in connection with the property located at 11115 BUSHWACK PASS, SAN ANTONIO, TX 78254 (the "Subject Property"). Plaintiff contends that Defendant has improperly attempted to foreclose on the Loan. Plaintiff seeks to prevent Defendant from foreclosing and unspecified damages.

3. Defendant VCI has not been served with a citation and copy of the Petition in this matter. Therefore, this removal is timely under 28 U.S.C. § 1446(b).

4. As discussed below, this Court has jurisdiction over this action based on the presence of diversity of citizenship between the parties.

## II.   PROCEDURAL REQUIREMENTS

5. This action is properly removed to this Court, as the lawsuit is pending within the district and division. 28 U.S.C. § 1441; 28 U.S.C. § 124(b)(2).

6. The United States District Court for the WESTERN District of Texas, SAN ANTONIO Division has original jurisdiction over this action based on diversity jurisdiction because Defendant is now, and was at the time this action commenced, diverse in citizenship from Plaintiff, and the amount in controversy exceeds the minimum jurisdictional amount. 28 U.S.C. §§ 1331 and 1332(a).

7. Pursuant to 28 U.S.C. § 1446(a) and Western District of Texas Local Rules, this Notice of Removal is accompanied by copies of the following materials:

| Exhibit | Document |
|---|---|
| A | Civil Cover Sheet and Supplemental Cover Sheet; |
| B | List of All Counsel of Record; |
| C | Index of Documents Filed in the State Court Action and Docket Sheet. |

8. Simultaneously with the filing of this Notice of Removal, Defendant VCI is filing copies of the Notice of Removal in the 288TH Judicial District Court of BEXAR County Texas, pursuant to 28 U.S.C. § 1446(d). Defendant VCI will promptly give all parties written notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d).

### III. FEDERAL QUESTION JURISDICTION

9. The district courts of the United States have original jurisdiction over all civil actions arising under the Constitution, laws, and treaties of the United States. 28 U.S.C. § 1331. A case may be removed to federal court if it could have been brought in federal court originally. 28 U.S.C. § 1441; *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6, (2003).

10. A claim "arises under" federal law when either (1) the well-pleaded complaint establishes that federal law creates the cause of action; or (2) the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law. *Singh v. Morris*, 538 F.3d 334, 338 (5th Cir. 2008) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983)); *Empire HealthChoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006).

11. Removal of the State Court Action is proper under 28 U.S.C. §§ 1331 and 1441, as it arises under the laws of the United States. Specifically, Plaintiff asserts claims for violations of 12 C.F.R. 1024.41 and actionable under 12 U.S.C. § 2605(f). Pl's Orig. Pet. ¶¶ 19-23. Thus, Plaintiff alleges violations of federal law and his right to relief will necessarily depend upon the resolution of federal law. Accordingly, this Court has federal question jurisdiction.

### IV. SUPPLEMENTAL JURISDICTION

12. This Court also has jurisdiction over Plaintiff's state law claims pursuant to 28

U.S.C. § 1367(a). As noted by the Supreme Court, "[s]ection 1367(a) is a broad grant of supplemental jurisdiction over other claims within the same case or controversy, as long as the action is one in which the district courts would have had original jurisdiction." *Exxon Mobil Corp. v. Allapattah Servs., Inc.,* 545 U.S. 546, 558 (2005); *State Nat'l Ins. Co. Inc. v. Yates*, 391 F.3d 577, 579 (5th Cir. 2004) (explaining that 28 U.S.C. § 1367 grants the federal courts jurisdiction to hear "claims that do not independently come within the jurisdiction of the district court but form part of the same Article III case or controversy").

13.    It is well established that federal district courts have supplemental jurisdiction over state law claims that share a "common nucleus of operative fact" with federal claims. *Jamal v. Travelers Lloyds of Tex. Ins. Co.,* 97 F. Supp. 2d 800, 805 (S.D. Tex. 2000) (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 164-65 (1977)). This principle applies not only to cases originally brought in federal court, but also to those cases removed to federal court. *Id.* at 806. Here, Plaintiff's state law claims share a common nucleus of operative facts with her 12 C.F.R. 1024.41 claim in that Plaintiff's claims are all based on the same alleged wrongful conduct relating to the foreclosure of the Property. Therefore, supplemental federal jurisdiction exists over Plaintiff's state law claims.

## V.    CONCLUSION

WHEREFORE, Defendant VCI removes this action from the 288th Judicial District Court of Bexar County, Texas to the United States District Court for the Western District of Texas, San Antonio Division, so that this Court may assume jurisdiction over the cause as provided by law.

*Respectfully Submitted,*

JACK O'BOYLE & ASSOCIATES


  /s/ Travis H. Gray
Travis H. Gray
SBN: 24044965
SD TX BAR NO. 1115733
travis@jackoboyle.com
Chris S. Ferguson
SBN:  24068714
chris@jackoboyle.com
P.O. BOX 815369
DALLAS, TX 75381
P: 972.247.0653 | F: 972.247.0642
ATTORNEYS FOR DEFENDANT
VILLAGE CAPITAL & INVESTMENT, LLC

## **CERTIFICATE OF SERVICE**

This is to certify that a true, correct and complete copy of the foregoing document has been served in accordance with the Federal Rules of Civil Procedure on March 12, 2023 to:

D. Kimberli Wallace
SBN:  00792901
**D. KIMBERLI WALLACE, PLLC**
1560 E Southlake Blvd, Suite 100
Southlake, TX 76092
P: 817.745.4581
F: 817.953.7000
E: KWALLACE@KWLAWFIRM.NET
*COUNSEL FOR PLAINTIFF MARIA REYES*

                                                                      */s/ Travis H. Gray*
                                                                       Travis H. Gray